**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-1854-WJM-KLM

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL
NO. 7, AFL-CIO, CLC,

      Plaintiff,

v.

SAFEWAY, INC.,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
**AND ADMINISTRATIVELY CLOSING CASE**

---

Plaintiff United Food and Commercial Workers International Union, Local No. 7,

AFL-CIO, CLC ("Plaintiff") has brought this action to enforce an arbitration award.  (Compl.

(ECF No. 1).)  This matter is before the Court on Defendant Safeway, Inc.'s ("Defendant")

Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion").  (ECF No. 9.)  For the

reasons set forth below, the Motion is denied and the case is administratively closed

pending arbitration.

## I.  DISCUSSION

This case arises out of a dispute between Defendant and Leah Andres, an

employee of Defendant and a member of the bargaining unit represented by Plaintiff.

(Compl. ¶ 6.)  Pursuant to the terms of the collective bargaining agreement ("CBA")

between Plaintiff and Defendant, the dispute was arbitrated and an award was issued

ordering that Ms. Andres be reinstated with back pay and benefits ("Award").  (*Id.* ¶¶ 8-11.)

Defendant reinstated Ms. Andres in compliance with the Award, but the parties disagree

with respect to the amount of back pay owed to Ms. Andres under the Award.  (*Id.* ¶¶ 12-

13.)  Plaintiff filed its Complaint on July 12, 2013, seeking to enforce the Award.  (ECF No.

1.)  Defendant filed the instant Motion on August 13, 2013, arguing that the Court lacks

subject matter jurisdiction over the back pay dispute because it is subject to arbitration

under the terms of the CBA.  (ECF No. 9.)  Plaintiff filed a Response (ECF No. 11) and

Defendant a Reply (ECF No. 14).[1]

Neither party disputes that they are both bound by the CBA.  Article 51 of the CBA,

entitled "Dispute Procedure," states:  "Should any dispute or complaint arise over the

interpretation or application of this Agreement," and "[i]f the grievance cannot be

satisfactorily resolved . . . , either party may . . . request arbitration and the other party shall

be obligated to proceed with arbitration in the manner hereinafter provided."  (ECF No. 1-2

at 40-41.)  Nor do the parties disagree that their unresolved dispute regarding the amount

of back pay arises out of the CBA.  In fact, both parties explicitly state in their briefing that

each seeks to arbitrate the back pay dispute.  (*See* ECF Nos. 10 at 6; 11 at 4 (noting that

compelled arbitration "is precisely what the Plaintiff requests").)

The Court agrees that it would be improper for this Court to resolve the back pay

dispute in light of the CBA's requirement that all such disputes be arbitrated, and the

parties' agreement to do so.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*

---

[1] The parties' briefing on the Motion contains unsupported accusations of frivolous arguments and dishonesty by opposing counsel which the Court finds neither relevant nor helpful.  Counsel would be well served to refrain from including similar unwarranted comments in future filings before this Court.

460 U.S. 1, 24-25 (1983).  However, "'the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright.'" *United Food & Commercial Workers Int'l Union, Local No. 7 v. King Soopers, Inc.*,[2] 2008 WL 5044355 (D. Colo. Nov. 20, 2008) (quoting *Halim v. Great Gatsby's Auction Gallery, Inc.,* 516 F.3d 557, 561 (7th Cir. 2008)); *see also Meyer v. Dans un Jardin, S.A.,* 816 F.2d 533, 538-39 (10th Cir. 1987) ("The Federal Arbitration Act does not oust the district court's jurisdiction over claims subject to arbitration.").

Therefore, dismissal for lack of subject matter jurisdiction is inappropriate. However, because this case would be indefinitely stayed pending an arbitration proceeding of an indeterminate duration, pursuant to local rule D.C.COLO.LCivR 41.2., the Court will administratively close the case.  After the arbitration has concluded, either party may move to reopen the case for good cause shown, in order to, *e.g.*, seek enforcement or vacatur of the arbitration award once it has been issued.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1.      Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 9) is DENIED;

2.      Defendant's request for sanctions, improperly contained within its Motion to Dismiss in violation of D.C.COLO.LCivR 7.1(c) and WJM Revised Practice

---

[2] Defendant cites the *King Soopers* case at length in its brief, noting its factual similarities with the instant case.  (ECF No. 10 at 8-9.)  However, Defendant misstates that case's conclusion, which was *not* to dismiss the complaint, but rather to stay the case pending arbitration.  *King Soopers*, 2008 WL 5044355 at *2.  Defendant's counsel in the future repeats such careless statements in his briefing before this Court at his peril.

Standard III.B., is DENIED; and

3.     This case shall be ADMINISTRATIVELY CLOSED.  Either party may seek leave to

reopen this case, for good cause shown, once arbitration of the unresolved dispute

has been completed.

Dated this 7th day of March, 2014.

BY THE COURT:

_____

William J. Martinez
United States District Judge